# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

United States of America,

                        Plaintiff,

                                      Crim. No. 15-35 (RHK/HB)

                                      **ORDER**

v.

Cherno Njie,

                        Defendant.

---

This matter is before the Court on Defendant's Motion to Transfer to the Western District of Texas (Doc. No. 19). The Court has carefully considered Defendant's Memorandum in support of the Motion and the Government's response, and being fully advised, it will deny the Motion.

As Defendant acknowledges, the Government has a choice of venue when criminal activity occurs in more than one district, and "[c]riminal defendants have no constitutional right to a trial in their home districts." United States v. McManus, 535 F.2d 460, 463 (8th Cir. 1976). Nevertheless, the Court enjoys discretion to transfer a criminal case to another district in the interests of justice, Fed. R. Crim. P. 21(b), considering factors similar to those used when evaluating a motion to transfer a civil case under 28 U.S.C. § 1404. E.g., United States v. Bittner, 728 F.2d 1038, 1041 (8th Cir. 1984); McManus, 535 F.2d at 463. Defendant bears the burden of showing transfer is

warranted.  United States v. Kanner, No. 07-CR-1023, 2008 WL 2663414, at *5 (N.D. Iowa June 27, 2008) (citing In re United States, 273 F.3d 380, 388 (3d Cir. 2001)).

In the Court's view, Defendant has not satisfied his burden here.  The crux of Defendant's Motion is that he lives in Texas and a trial here will be disruptive to his life and business, but these facts alone do not warrant transfer.  McManus, 535 F.2d at 463. Indeed, a lengthy criminal trial will be disruptive to Defendant's life and business no matter where it occurs.  See, e.g., United States v. Stein, 429 F. Supp. 2d 633, 645 (S.D.N.Y. 2006) ("Every life is significantly disrupted during a trial wherever it is held. Besides the need to be in court every day, the evenings and weekends are usually consumed analyzing the evidence that has been admitted and preparing for the remainder of trial.") (citation omitted).  Two of Defendant's alleged co-conspirators have been charged in this District and at least part of the alleged conspiracy took place in Minnesota, meaning some of the evidence and witnesses to be used against Defendant are located here.  Transfer, however, would require trying the alleged conspirators in separate districts, causing great inconvenience for the Government and the witnesses, significant added expense, and much duplicated effort.[1]  Defendant has already retained counsel in this District, and although criminal cases *on average* may proceed more expeditiously in the Western District of Texas, the undersigned's docket is current and there is no reason to believe this matter could not be brought to trial as rapidly here as it would be there.

---

[1] The Court is cognizant that one of the alleged co-conspirators has entered a guilty plea, but the remaining co-conspirator has not.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Defendant's Motion to Transfer (Doc. No. 19) is **DENIED**.

Dated: February 13, 2015

      s/ Richard H. Kyle           
RICHARD H. KYLE
United States District Judge