UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 15-35 (RHK/HB)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **SUPERSEDING INDICTMENT** |
| | ) | |
| Plaintiff, | ) | (18 U.S.C. § 371) |
| | ) | (18 U.S.C. § 960) |
| v. | ) | (18 U.S.C. §§ 924(c) and (o)) |
| | ) | |
| 1. CHERNO NJIE, | ) | |
| 2. ALAGIE BARROW, and | ) | |
| 3. BANKA MANNEH, | ) | |
| | ) | |
| Defendants. | | |

THE UNITED STATES GRAND JURY CHARGES THAT:

## INTRODUCTORY ALLEGATIONS

At all times material to this Indictment:

1.     Defendant **CHERNO NJIE** was a resident of Lakeway, Texas.

2.     Defendant **ALAGIE BARROW** was a resident of La Vergne, Tennessee.

3.     Defendant **BANKA MANNEH** was a resident of Jonesboro, Georgia.

4.     P.F., who is named as a coconspirator but not as a defendant herein, was a resident of Brooklyn Park, Minnesota.

## COUNT 1
(Conspiracy to Make an Expedition Against a Friendly Nation)

5.     From a date unknown, and continuing until on or about January 1, 2015, within the State and District of Minnesota, and elsewhere, the defendants,



SCANNED
MAR 1 8 2015
U.S. DISTRICT COURT MPLS

U.S. V. Cherno Njie, et. al.

## CHERNO NJIE,
## ALAGIE BARROW, and
## BANKA MANNEH.

did knowingly and willfully conspire and agree with others, known and unknown to the

Grand Jury, to participate in an attempt to overthrow the government of The Gambia, a

nation with whom the United States was and is at peace at all times relevant to this

Superseding Indictment, an offense which violates 18 U.S.C. § 960 (the Neutrality Act); all

in violation of Title 18, United States Code, Section 371.

6.     As part of the conspiracy, defendants **NJIE, BARROW,** and **MANNEH**

participated in conference calls and exchanged planning documents with the other

members of the conspiracy. P.F. also participated in calls and document exchanges with

other members of the conspiracy from his home in Minnesota.   In these communications,

defendants **NJIE, BARROW, MANNEH** and others discussed operational and logistical

planning for the attempted overthrow of the Gambian government with the other members

of the conspiracy.   For example, on or about May 29, 2014, defendant **MANNEH**

provided defendant **NJIE** with a document identifying leadership positions in the

government of The Gambia that would be filled after the coup.

7.     As a further part of the conspiracy, defendant **NJIE** provided financial

support to the conspiracy.   For example, on or about April 15, 2014, defendant **NJIE**

provided to defendant **BARROW** approximately $1,881.00 to support the overthrow of

The Gambian government.

8.     As a further part of the conspiracy, members of the conspiracy researched

2

<u>U.S. V. Cherno Njie, et. al.</u>

and shopped for firearms and other military equipment to be used in the coup. For example, on or about June 5, 2014, a co-conspirator recommended to defendant **NJIE** a "list of essential items we would like to go ahead with purchasing and shipping now," which list included Kevlar ballistic helmets, 30-round magazines, and ballistic plates for body armor.

9.     As a further part of the conspiracy, P.F. purchased eight (8) M4 semiautomatic rifles in Minnesota, broke them down into their component parts, hid the parts in barrels, and shipped the barrels containing the rifle components from the United States to The Gambia.

10.     As a further part of the conspiracy, defendant **MANNEH** purchased two pistols and one rifle to equip coconspirators participating in the coup.

11.     As a further part of the conspiracy, the conspirators would meet in person to further discuss plans for executing the coup. For example, on or about October 24, 2014, defendant **BARROW** traveled from Tennessee to Austin, Texas.

12.     As a further part of the conspiracy, P.F. departed his home in Minnesota and traveled to The Gambia in order to participate in the effort to overthrow the Gambian government.

13.     As a further part of the conspiracy, on or about October 28, 2014, defendant **BARROW** departed the United States for The Gambia by traveling to Dakar, Senegal.

14.     As a further part of the conspiracy, on or about December 19, 2014, defendant **NJIE** departed the United States for The Gambia with the intention of serving as

U.S. V. Cherno Njie, et. al.

the interim leader of The Gambia following the execution of the planned overthrow of the

Gambian government.

15.    All in violation of Title 18, United States Code, Section 371.

## COUNT 2
(Conspiracy to Use a Firearm During and in Relation to Crime of Violence)

16.    From a date unknown, and continuing until on or about January 1, 2015,

within the District of Minnesota and elsewhere, the defendants,

**CHERNO NJIE,**
**ALAGIE BARROW, and**
**BANKEH MANNEH,**

knowingly and intentionally conspired and agreed with others, known and unknown to the

Grand Jury, to carry and use firearms, to wit: pistols and rifles, during and in relation to a

crime of violence which may be prosecuted in a court of the United States; namely, both

(1) a substantive violation of Title 18, United States Code, Section 960; and (2) conspiracy

to violate Title 18, United States Code, Section 960, as alleged in Count One, all in

violation of Title 18, United States Code, Section 924(o).

A TRUE BILL

UNITED STATES ATTORNEY                         FOREPERSON