# ROBERT D. RICHMAN
Attorney

PO Box 16643
5100 W. 36th Street
Minneapolis, MN  55416

651-278-4987
robert.richman@gmail.com
www.rdrichmanlaw.com

May 13, 2015

Honorable Steven E. Rau
United States Magistrate Judge
3C U.S. Courthouse
316 North Robert Street
St. Paul, MN 55101

Re:   United States v. Alagie Barrow
      Crim. No. 15-35 (RHK/HB)

Dear Magistrate Judge Rau:

Pursuant to this Court's Order dated May 8, 2015, undersigned counsel has conferred with Probation and Pretrial Services Officer Alston and with Vidette Putnam, the head of Pretrial Services in the Middle District of Tennessee.

Ms. Alston is opposed to lifting the restriction prohibiting Mr. Barrow from having any internet access.  She stated that if Mr. Barrow's restrictions are modified, similar modifications will be required for his codefendants.

Ms. Alston is correct that there is no good reason that the defendants in this matter should not be subject to the same release conditions. That is why it is particularly compelling that Banka Manneh has been permitted to use the internet by his Pretrial Services Officer. Mr. Manneh was released subject to the condition that he "shall not possess or use a computer or have access to any on-line service without the prior approval of the U.S. Probation and Pretrial Services Officer." Doc. No. 43.  Mr. Manneh's Pretrial Services Officer has provided approval for Mr. Manneh to use the internet.  Unlike Mr. Barrow, Mr. Manneh is alleged to have been one of the leaders of this conspiracy.

Counsel understands that Ms. Alston has submitted her recommendation to the Court. Counsel has not received a copy of that recommendation so cannot respond to it specifically.

Ms. Putnam explained that the Middle District of Tennessee does not use equipment to monitor internet usage. Instead, they rely on surprise checks to review computer archives and search histories to monitor internet use. The Middle District of Tennessee has cases, as every district does, where monitoring internet access is essential. Pretrial Services in Nashville could monitor Mr. Barrow's internet usage just as they do in child pornography or online fraud cases.

Honorable Steven Rau
May 13, 2015
Page 2
_____

Mr. Barrow has proven over the last several months in the halfway house that he can be trusted to comply with the conditions of release set by this Court. A recent event at the halfway house bears this out. Mr. Barrow has been permitted to have a cell phone in the halfway house. The staff is aware of it and has approved it. It is not a smart phone, but it nonetheless permits very limited internet access. Mr. Barrow does not use the internet with his phone because he understands that his conditions of release do not permit it.

Last week, during a random staff check of his phone, it was discovered that the phone had accessed the Washington Post website and www.prayertime.com. Mr. Barrow was charged with a disciplinary infraction as a result. Mr. Barrow insisted that he had received text messages with links to those sites. When he opened the text message, his phone automatically connected to the sites. He quickly closed out of the page as soon as he realized what had happened.

The director of the halfway house investigated Mr. Barrow's claim. She contacted T-Mobile, the service provider, to find out how much data he had used on his plan. T-Mobile confirmed that so little data had been used, no more than would be necessary for applications to update themselves automatically, that there was no reason to believe that Mr. Barrow had accessed the internet. The halfway house dismissed the charged infraction.

As soon as Mr. Barrow first received notice of this infraction, he contacted undersigned counsel and his Pretrial Services Officer to let them know. During his change of plea hearing on May 11, 2015, we notified the Court that this infraction was pending. The subsequent investigation established that Mr. Barrow had not violated his conditions of release.

This incident reflects that Mr. Barrow's internet usage can be monitored with spot checks to review his search history. This Court should order that Mr. Barrow not erase the search history or archives from his computer and that an incomplete search history will be treated as a violation.

The government speculates that with internet access Mr. Barrow could plan another coup. First, if he wanted to plan a coup, he could do so without internet access. Second, he could easily hide his internet access by using other people's devices outside of the halfway house. Third, and most important, Mr. Barrow is in a very different position now than he was when this offense occurred. At the time of the offense, he had no idea that his actions were in violation of United States law. Now he does. He has accepted responsibility for his conduct and pleaded guilty on May 11, 2015. Mr. Barrow is not a danger to the community because he has no intention of repeating his offense conduct and he can be trusted to abide by his commitments to the Court.

Mr. Barrow should be permitted to return to his home in Nashville, Tennessee and should be permitted internet access with spot checks as described above.

s/ *Robert D. Richman*

Robert D. Richman
Attorney for Defendant